JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS NOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP. et al.,<br><br>Defendants. | Case No. 2:26-cv-11227-SB-PVC<br><br>ORDER REMANDING TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT-MATTER JURISDICTION |

Plaintiff Lewis Nolden moves to remand this employment action to state court, arguing that complete diversity is lacking because he and Defendant Reza Kasravi are California citizens. Dkt. No. 13. Defendants contend that Kasravi was fraudulently joined because Plaintiff cannot state a viable claim against him for harassment under the California Fair Employment and Housing Act (FEHA) or intentional infliction of emotional distress. The motion is granted.

I.

A removing defendant bears the heavy burden of establishing fraudulent joinder. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder exists only if there is no possibility that the plaintiff could state a viable claim against the nondiverse defendant, including through amendment. *Id.* at 548–50. California law permits individual liability for workplace harassment, Cal. Gov't Code § 12940(j)(3), but distinguishes harassment from ordinary personnel management decisions, *Reno v. Baird*, 18 Cal. 4th 640, 645–47 (1998). Nevertheless, personnel actions may be considered in evaluating a harassment claim when they communicate a hostile message or provide evidence of discriminatory animus underlying other allegedly harassing conduct. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708–09 (2009).

Here, Plaintiff alleges that Kasravi made a racially charged remark about hiring another Black employee, subjected Plaintiff—the only Black technician in his department—to heightened scrutiny, including following him to the bathroom, and participated in allegedly disparate disciplinary actions. Plaintiff also alleges that, after he accidentally bumped into Kasravi, Kasravi made an unwelcome, sexually suggestive remark: "Next time, pull my hair." Dkt. No. 1-2 ¶¶ 14–18. Defendants raise substantial questions about whether this conduct constitutes actionable harassment. The racial remark was not allegedly made to Plaintiff, the sexually suggestive comment was isolated, and many of the challenged actions involved ordinary supervisory responsibilities. But these weaknesses do not establish fraudulent joinder. Kasravi's alleged racial remark provides a possible basis for inferring discriminatory animus underlying his subsequent treatment of Plaintiff, including conduct that may have extended beyond ordinary personnel management. *See Roby*, 47 Cal. 4th at 708–09.

Because Defendants have not met their heavy burden of establishing fraudulent joinder, Kasravi's California citizenship defeats complete diversity and requires remand. The Court therefore need not address the intentional infliction of emotional distress claim or the amount in controversy.

II.

A removing party "may" be ordered to pay attorney's fees and costs incurred as a result of a wrongful removal. 28 U.S.C. § 1447(c). Here, Plaintiff requests $7,000 in fees. Although the Court finds that the case is subject to remand, Defendants had an objectively reasonable basis for contesting the propriety of the individual claims against Kasravi. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Accordingly, the fee request is denied.

III.

Accordingly, the motion to remand is granted, the request for attorneys' fees is denied, and the action is remanded to the Los Angeles County Superior Court, Case No. 26STCV26061. The Clerk shall close the case.

Date: November 17, 2026

Stanley Blumenfeld, Jr.
United States District Judge